IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBIN A. COLE | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 06-1713 |
| | : | |
| JOHN J. ASTRUE | : | |
| | : | |
| Defendant. | : | |

**EXPLANATION AND ORDER**

Robin Cole (Cole) brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), for review of the decision of the Commissioner of Social Security denying her claim for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI, respectively, of the Social Security Act (Act) 42 U.S.C. §§ 401-403, 1381-1383f.[1]  Upon plaintiff's filing of a motion for summary judgment and defendant's filing of a cross-motion for summary judgment in this Court,  I referred this case to Magistrate Judge Strawbridge for a Report and Recommendation.  Judge Strawbridge recommends that I grant defendant's motion

---

[1] The administrative history of this case includes a decision by Administrative Law Judge (ALJ) Lang to deny plaintiff's DBI and SSI claims, which was followed by a Remand Order by the Appeals Council.  That order directed the ALJ to "[g]ive further consideration to the treating and examining source opinions. . . . Further evaluate the claimant's mental impairments in accordance with the special technique described in 20 C.F.R. 404.1520a. . . . Conduct any necessary further proceedings to determine whether alcoholism is a contributing factor material to a finding of disability."  On remand the case was assigned to ALJ Arrastia who upheld the decision to deny plaintiff's DBI and SSI claims.

for summary judgment and affirm the decision of the ALJ.  Cole objects to the Report and Recommendation based on allegations that Judge Strawbridge incorrectly upheld the decision of ALJ, rather than concluding that the ALJ had: 1)  failed to comply with the mandates of the Remand Order issued by the Appeals Council;[2] and 2) failed to include mental impairments in his hypothetical to the vocational expert.

Although this Court has plenary review of the legal issues determined by the ALJ, this Court may only consider the ALJ's factual findings to determine whether they are supported by substantial evidence.  *Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429. 431 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)).  Based on the transcript of the hearing held before ALJ Arrastia and his opinion issued in response to that hearing, I agree with Judge Strawbridge that the ALJ applied the correct legal standards and that the record contains substantial evidence to support his findings of fact and conclusions of law.  I base my conclusion on the belief that the record indicates that the ALJ followed the Remand Order of the Appeals Council and that he was not required to include mental impairments in his hypothetical to the vocational expert.

According to the Remand Order, the ALJ was required to "evaluate claimant's mental impairments in accordance with the special technique described in 20 C.F.R 404.1520(a)."   20 C.F.R. § 404.1520(a) establishes a five-step sequential process for evaluating whether a person is disabled.  As explained in the law, "[i]f we can find that you are disabled or not disabled at a

---

[2] Plaintiff contends that Judge Strawbridge should have held that the ALJ failed to adhere to the mandates of the Appeals Council's Order to Remand in the following two respects: 1) the ALJ did not adequately evaluate the claimant's mental impairments as set forth in 20 C.F.R § 404.1520(a); and 2) the ALJ did not "take any further action needed to complete the administrative record and issue a new decision," which was stated as a requirement in the Remand Order.

step, we make our determination or decision and we do not go on to the next step." 20 C.F.R. § 404.1520(a)(4). In ALJ Arrastia's opinion, he followed the five-step process, but was able to conclude at step two that the plaintiff did not have a severe medically determinable mental impairment and therefore was not disabled. He correctly deduced from the language of the law that he should not continue his evaluation. While plaintiff argues that the ALJ lacked sufficient evidence to conclude that plaintiff did not have a severe medically determinable mental impairment, evidence that the plaintiff never visited a mental health expert, never took drugs for any mental health condition, and was never properly diagnosed with a mental health disorder provides substantial evidence to support ALJ Arrastia's opinion. Therefore, I agree with Judge Strawbridge that ALJ Arrastia did not violate his obligation to evaluate claimant's mental impairments.

      Plaintiff additionally contends that ALJ Arrastia violated the Remand Order instruction to "take any action needed to complete the administrative record and issue a new decision." Plaintiff alleges that the ALJ was required to request a consultative examination if he found the evidence of mental impairment was inconclusive. However, ALJ Arrastia considered many new exhibits and had no need to further develop the record with regard to claimant's mental impairment because the record provides substantial evidence to support the ALJ's conclusion that claimant did not have a severe mental impairment. A consultative exam was not required because the record was sufficient.[3]

      Lastly, Judge Strawbridge is correct in concluding that the ALJ did not have to include

---

[3] A consultative record is necessary only when the record is insufficient and information is not readily available from it. 20 C.F.R. §§ 404.1512(f); 416.912(f).

mental impairments in his hypothetical to the vocational expert (VE). ALJ Arrastia was not required by law to incorporate plaintiff's mental impairments in his hypothetical because he concluded that the plaintiff did not suffer a severe mental impairment.[4]

For the foregoing reasons, I approve and adopt Judge Strawbridge's Report and Recommendation and grant the defendant's motion for summary judgment.

---

[4] When questioning a VE about the type of jobs a plaintiff can perform, the hypothetical posed by the ALJ must include all of plaintiff's impairments that are supported by the record. *Ramirez v. Barnhart*, 372 F.3d 546, 554 (3d Cir. 2003). Thus, an ALJ does not have to include any alleged impairments in the hypothetical that are not supported by the record .

**ORDER**

      **AND NOW**, this __8th__ day of November, 2007, upon consideration of the parties' cross-motions for summary judgment, and after careful review of the Report and Recommendation of the United States Magistrate Judge David R. Strawbridge, it is hereby **ORDERED** that:

- The Report and Recommendation is **APPROVED** and **ADOPTED**

- The Plaintiff's Motion for Summary Judgment (Doc. # 11) is **DENIED**

- The Commissioner's Motion for Summary Judgment (Doc. # 12) is **GRANTED**

- The Clerk is directed to enter **JUDGMENT IN FAVOR OF DEFENDANT AND AGAINST PLAINTIFF** and to mark this case closed

                                        s/Anita B. Brody

                                        ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:        Copies **MAILED** on _____ to: